**Raymond R. LAMM et al., Plaintiffs,**

v.

**Robert C. WATSON, Defendant**
**(two cases).**

**Civ. A. Nos. 4201–53, 4202–53.**

United States District Court
District of Columbia.

Dec. 23, 1955.

Robert F. Conrad, Watson, Cole, Grindle & Watson, Washington, D. C., for plaintiffs.

E. L. Reynolds, Sol., U. S. Patent Office, Washington, D. C., for defendant.

McGARRAGHY, District Judge.

These are two cases brought under Title 35 United States Code, § 145, as enacted July 19, 1952. Civil Action No. 4201–53 is brought for the purpose of obtaining allowance of Claims 16, 17 and 19 of Patent Application Serial No. 96,-155 of Raymond R. Lamm and The Patent and Licensing Corporation, Assignee, Plaintiffs. Civil Action No. 4202–53 is brought for the purpose of obtaining allowance of Claims 14 through 20, inclusive, of Patent Application Serial No. 96,156 of Raymond R. Lamm and The

Patent and Licensing Corporation, Assignee, Plaintiffs.

Both cases present a common single question: namely, does the patent application comply with Title 35, Section 112, United States Code, formerly R.S. Sec. 4888, which requires:

"The specification shall contain a written description of the invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same, and shall set forth the best mode contemplated by the inventor of carrying out his invention."

Both of plaintiffs' applications called for use of a polymerized acrylic ester, having certain properties, as one of the ingredients of the invention. The applications suggested such a substance by use of the trade name "Acryloid 710" Plaintiffs' evidence did not establish that a person skilled in the art could, at the time the application was filed, make the polymerized acrylic ester from the description contained in the application. Nor did plaintiffs establish that, at the time the application was filed, "Acryloid 710" was a substance known to persons skilled in the art and readily obtainable.

This is not, as plaintiffs suggest, an analogous situation to the case of United States Rubber Co. v. Marzall, D.C., 91 F.Supp. 1, 3. In that case, one of the elements of the compound was described as " 'a hard resinous inelastic polymerization product of a butadiene.' " That element was described as " 'manufactured by the Marbon Corporation, Gary, Indiana, under the name Marbon S.' " In that case, however, the Court found that prior art disclosed such a hard resinous constituent. No such finding is tenable under the facts in this case.

Nor is there a showing, as there was in In re Gebauer-Fuelnegg, 121 F.2d 505, 28 C.C.P.A., Patents, 1359, that the trade-marked substance was known generally to those skilled in the art at the time the original application was filed by plaintiffs.

The complaints will be dismissed.

Counsel for defendant will submit proposed findings of fact, conclusions of law, and judgment.