John F. **LEUTZINGER**, Plaintiff,

v.

David L. **LADD**, Commissioner of Patents, Defendant.

Civ. A. No. 3115–61.

United States District Court

District of Columbia.

Oct. 18, 1963.

Arnold G. Gulko, Washington, D. C., Ford E. Smith, Smith & Mattern, Seattle, Wash., for plaintiff.

Clarence W. Moore, Sol., Washington, D. C., for defendant.

JACKSON, Judge.

This civil action was filed pursuant to the provisions of Title 35 U.S.C. § 145 seeking judgment authorizing the defendant, Commissioner of Patents, to issue letters patent to plaintiff containing Claims 1 to 9, inclusive, of an application Serial No. 468,784, filed November 15, 1954, entitled "A Composition Stick for Filling Small Regular Cavities".

The Examiner rejected Claims 1 to 9, inclusive, as being based on an inadequate disclosure. He also rejected dependent Claims 7 to 9 as being improper since they defined the composition stick in terms of its process of manufacture. The Board of Appeals affirmed both rejections.

Claims 1 and 7 are illustrative and appear as follows:

"1. A stick for filling small cavities in prefinished materials, comprising: an elongated, glossy stick rigid and flakible on the edges of such cavities at normal atmospheric temperatures, said stick having a base material of between about 11.5% and 30% paraffin, between about 15% and 24% boiled linseed oil, between about 55% and 65% waxes having melting points over about 156° F. of which not more than about 20% of the total base materials are waxes having melting points below about 162° F., said stick having a needle penetration, 50 grams, 75° F., 20 seconds, of about 0.04 to 0.05 cm and having a melting point of between about 162° F. and 172° F., and there being pigments added to said base materials whereby the stick matches the color of prefinished material."

"7. The subject matter of claim 1, in which the linseed oil is heated to 200° F.; the waxes are then added and the temperature is held for four to nine days."

The present invention is concerned with a crayon-like waxy stick of flowable and pliable material, is usually provided in varied colors, and is pressure-worked at normal temperatures into small cavities such as nail holes in prefinished

sheet material, lacquered plywood panels being typical of such materials. The stick, which is formed in an elongated shape and has a glossy surface, is rigid and flakible, and flowable at normal room temperature on the edges of the cavities being filled. The invention is particularly directed to the composition of the crayon-like stick.

In order to perform its intended function, the stick must have a certain melting point and hardness, and for this reason the stick is required to have as its ingredients boiled linseed oil, paraffin and a mixture of special waxes. The waxes comprise 50%–65% of the total composition, and includes a mixture of Carnauba and Carnauba replacement waxes, or a mixture of different Carnauba replacement waxes. The amount of Carnauba wax used is minimized for the reason that this wax is quite expensive.

The main controversy in this case arises from applicant's description, in the specification, of the Carnauba replacement waxes. Those waxes are described by their trade or proprietory names, by their melting points, and in some cases, by their hardness at a certain temperature (hardness needle penetration). The chemical composition was not disclosed since, as applicant points out, such compositions are trade secrets.

Moreover, it should be noted that there is uncontradicted evidence in the record which shows that whenever the composition of such a wax is modified by its manufacturer, the trade or proprietory name of the wax is changed. Also, the record shows that the waxes used by applicant were generally known to persons skilled in the art at the time the application was filed, and were readily obtainable.

However, even in view of this evidence, it is the position of the Patent Office that applicant's disclosure does not satisfy the requirements of 35 U.S.C. § 112, particularly paragraph 1.

In support of this position, the Patent Office relies heavily upon the case of Lamm et al. v. Watson, D. C., 138 F.Supp. 219. In this decision the applications involved called for use of a polymerized acrylic ester having certain properties as one of the ingredients of the invention. The applications suggested such a substance by the use of the trade-name "Acryloid 710". In dismissing the complaint, the Court stated that:

"Plaintiffs' evidence did not establish that a person skilled in the art could, at the time the application was filed, make the polymerized acrylic ester from the description contained in the application. *Nor* did plaintiffs establish that, at the time the application was filed, 'Acryloid 710' was a substance known to persons skilled in the art and readily obtainable.

\* \* \* \* \* \*

"*Nor* is there a showing, as there was in In re Gebauer-Fuelnegg, 121 F.2d 505, 28 C.C.P.A., Patents 1359, that the trade-marked substance was known generally to those skilled in the art at the time the original application was filed by plaintiffs." (Emphasis added).

The Patent Office interprets that decision as requiring an applicant, in cases such as this where a substance is primarily identified by its trade-name, to satisfy each of the several conditions set forth in the decision before his disclosure complies with 35 U.S.C. § 112. Furthermore, it is the contention of the Patent Office that since applicant has not satisfied *all* of those conditions set forth in Lamm et al., namely, the evidence did not show that a person skilled in the art could, at the time the application was filed, make the Carnauba replacement waxes from the description in the examples of the specification, the rejection on the grounds of inadequate disclosure is proper.

After a careful study of the Lamm et al. decision, it is the opinion of this Court that the Patent Office has misinterpreted the decision, and for this reason its contention is not sound.

A careful reading of the decision shows that rather than setting forth a

number of conditions, all of which must be satisfied to comply with 35 U.S.C. § 112, the decision sets forth *alternative* conditions for measuring compliance with 35 U.S.C. § 112. By implication, if Lamm had satisfied any one of these conditions, the complaint would not have been dismissed. However, in this case, applicant has established that at the time the application was filed, the Carnauba wax replacements were substances that were known to persons skilled in the art, and were readily obtainable. Moreover, there was a showing in this case, as there was in In re Gebauer-Fuelnegg et al., that the trade-mark substance was known generally to those skilled in the art at the time the original application was filed. Therefore, under the Lamm et al. decision, applicant has satisfied the requirements of 35 U.S.C. § 112.

It should be noted that the Court's interpretation of the Lamm et al. v. Watson, decision is in agreement with the result reached in In re Gebauer-Fuelnegg et al., CCPA 121 F.2d 505. In the latter decision, the application related to thin flexible sheet material comprising a major portion of a rubber resin. In the specification, as originally filed, this resin was identified only by its trade-name "Pliolite", and its chemical composition and the process for making it were not disclosed. However, the record did show that "Pliolite" was on the market, and was generally known to those skilled in the art of chemistry at the time the original application was filed. The Court, in reversing the rejection that the invention was not adequately disclosed stated:

> "It may be that with the substituted specification—explaining in detail the method of making 'pliolite'—it would be easier for one skilled in the art to practice appellants' invention. However, this does not detract from the fact that it was possible to do so with the information originally furnished by appellants."

The Gebauer-Fuelnegg decision, even though it was concerned with the provisions of R.S. 4888, is applicable to 35 U.S.C. § 112, since the provisions of the former R.S. 4888 are set out in Section 112, except for minor changes, and for the addition of the requirement that the specification "shall set forth the best mode contemplated by the inventor of carrying out his invention". P. J. Federico, Examiner in Chief of the U. S. Patent Office, Commentaries on the New Patent Act, 35 U.S.C. (Vol. 1) pp. 24–25. It should be noted that this additional requirement is not absolute, since it only requires disclosure of the best mode contemplated by the inventor, presumably at the time of filing the application. Commentaries on the New Patent Act, supra. Moreover, as stated by Judge Rich in In re Nelson et al., Cust. & Pat. App., 280 F.2d 172, 181:

> "Reading the first paragraph of section 112 of the Patent Act of 1952 * * * will show that in more than a century *nothing of substance has been changed in this portion of the statute*." (Emphasis added).

With regard to the rejection of dependent claims 7, 8 and 9 as being improper because they include process limitations, this Court is of the opinion that the Board of Appeals is clearly in error in sustaining this rejection.

This Court would agree with the Board of Appeals if the subject matter defined in claims 7 to 9 did not differ from that covered by claims 1 to 6. However, claims 1 to 6 are directed to a composite stick made by any process, while the dependent claims 7 to 9 are directed to a specific process of making the stick. In other words, claims 1 to 6 are generic to the composite stick, however formed, while claims 7 to 9 are limited to sticks in which the blend of material is heated to 200° F. and held at that temperature for four to nine days. Ex Parte Slocombe and Salyer, 130 U.S.P.Q. 36.

Moreover, in view of the subject matter of the invention, and the fact that the chemical compositions of the Carnauba replacement waxes are trade secrets, it would seem in the opinion of the Court to be almost impossible to obtain

adequate protection for applicant's invention without using process language.

For the reasons stated hereinbefore, the Court finds for the plaintiff, and against the defendant, and authorizes the Commissioner of Patents to grant a patent to plaintiff containing claims 1 to 9, inclusive.

The above Opinion contains Findings of Fact and Conclusions of Law.